1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KIER ANDERSON,                            No.  2:14-cv-00522 JAM AC P

12                  Petitioner,

13         v.                                  FINDINGS & RECOMMENDATIONS

14   JOE LIZARRAGA,

15                  Respondents.

16

17         Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for

18   a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Pending before the court is

19   respondent's motion to dismiss on the grounds that petitioner is outside the one-year statute of

20   limitations.  ECF No. 11.  Petitioner has responded to the motion (ECF No. 13) and respondent

21   has replied (ECF No. 16).

22   I.    Factual and Procedural Background

23         A jury convicted petitioner of first degree murder and on March 18, 2009, he was

24   sentenced to an indeterminate state prison term of twenty-five years to life.  ECF No. 1 at 1;

25   Lodged Doc. No. 2.

26         A.    Direct Review

27         Petitioner, with the assistance of counsel, appealed to the California Court of Appeal,

28   Third Appellate District.  ECF No. 1 at 2.  The Court of Appeal affirmed judgment on June 13,

1

1  2011. Lodged Doc. No. 1.

2          On July 1, 2011, again with assistance of counsel, petitioner petitioned for review of the

3  Court of Appeal's decision in the California Supreme Court. Lodged Doc. No. 3. The state

4  Supreme Court denied the petition for review on September 21, 2011. Lodged Doc. No. 4.

5          B.      State Collateral Review

6          On December 19, 2012,[1] petitioner filed a pro se petition for writ of habeas corpus in the

7  Sacramento County Superior Court (the "Superior Court Petition"). Lodged Doc. No. 5. The

8  application stated that petitioner had been delayed in filing his Superior Court Petition because he

9  "did not receive the record on appeal and trial counsel's files until July 2012." Id. at 6. The

10  Superior Court Petition was denied on May 16, 2013, as untimely and on the merits. Lodged

11  Doc. No. 6.

12          On July 15, 2013, petitioner, proceeding pro se, filed a petition for writ of habeas corpus

13  in the California Court of Appeal, Third Appellate District (the "Court of Appeal Petition").

14  Lodged Doc. No. 7. The Court of Appeal Petition was denied without comment or citation on

15  July 26, 2013. Lodged Doc. No. 8.

16          On September 23, 2013, petitioner, proceeding pro se, filed a petition for writ of habeas

17  corpus in the California Supreme Court (the "Supreme Court Petition"). Lodged Doc. No. 9. The

18  Supreme Court Petition was denied without comment or citation on February 11, 2014. Lodged

19  Doc. No. 11.

20          C.      The Federal Petition

21          On February 19, 2014, petitioner, proceeding pro se, filed the instant federal petition.

22  ECF No. 11.

23  II.      Motion to Dismiss

24          Respondent now moves to dismiss the instant petition as untimely. ECF No. 11.

25  Respondent argues that petitioner's judgment became final on December 20, 2011, and, absent

26  tolling, the last day to file his federal habeas petition was December 20, 2012. Id. at 3. He

27  _____

28  [1] The prison mailbox rule was used in determining the filing date of petitioner's state and federal habeas petitions because they were submitted pro se. See Houston v. Lack, 487 U.S. 266 (1988).

1   further argues that petitioner is not eligible for statutory tolling because the Superior Court

2   Petition, filed by that court on December 24, 2012, was filed four days after the statute of

3   limitations expired and petitioner's subsequent state petitions were filed even longer after the

4   statute of limitations expired, making the state petitions ineffective to toll the statute of

5   limitations.  Id. at 4.  Alternatively, he argues that even if the Superior Court Petition was filed

6   prior to the expiration of the statute of limitations, it would not have tolled the limitations period

7   because it was denied as untimely.  Id. 4-5.

8   III.    Response

9          In response to the respondent's motion, petitioner agrees that the one-year statute of

10  limitations began to run on December 20, 2011.  ECF No. 13 at 1.  Petitioner argues that under

11  the prison mailbox rule, his Superior Court Petition was filed on December 19, 2012, one day

12  before the statute of limitations expired, entitling him to statutory tolling.  Id. at 3.

13         Petitioner also argues that the denial of the Superior Court Petition should not prevent

14  statutory tolling of the AEDPA statute of limitations because California does not have a set

15  deadline for filing habeas petitions in non-death cases.  Id. at 3-5.  He argues that since there is

16  not a defined timeframe, the Superior Court Petition was not clearly untimely and the court erred

17  in dismissing it as such, especially because the delay was outside his control and he diligently

18  pursued litigation.  Id.

19         Petitioner's final argument is that he is entitled to equitable tolling because the "delay in

20  bringing his habeas claims was the direct result of trial counsel's refusal to turn over critical

21  records."  Id. at 5.

22  IV.    Reply

23         Assuming that the Superior Court Petition was filed on December 19, 2012, before the

24  statute of limitations expired, respondent argues that it still does not toll the statute of limitations

25  because it was deemed untimely under state law.  ECF No. 16 at 2.  Respondent further argues

26  that California has clear procedures for the timeliness of a state habeas petition, but that the court

27  need not consider whether those procedures were clear or properly applied because when a

28  habeas petition is untimely under state law, it is not "properly filed" for purposes of 28 U.S.C. §

1   2244(d)(2).  <u>Id.</u> at 3.

2          Respondent also disagrees that petitioner is entitled to equitable tolling.  He argues that

3   petitioner has failed to establish that extraordinary circumstances existed that were beyond his

4   control and made timely filing impossible.  <u>Id.</u> at 3-4.  Respondent maintains that petitioner's

5   claims that trial counsel refused to turn over critical records is vague and that petitioner failed to

6   establish that he was diligent in both obtaining the records and proceeding with his attempts to

7   obtain habeas relief.  <u>Id.</u> at 3-5.  Finally, respondent argues that even if petitioner was entitled to

8   equitable tolling for the seven months he was without his records, his petition would still be

9   untimely because it was filed fourteen months after the expiration of the statute of limitations and

10  statutory tolling was not available.  <u>Id.</u> at 5-6.

11  V.    <u>Discussion</u>

12         Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of

13  limitations for filing a habeas petition in federal court.  The one-year clock commences from one

14  of several alternative triggering dates.  <u>See</u> 28 U.S.C. § 2244(d)(1).  In this case the applicable

15  date is that "on which the judgment became final by the conclusion of direct review or the

16  expiration of the time for seeking such review."  § 2244(d)(1)(A).

17         The parties agree that the statute of limitations commenced on December 20, 2011, the

18  day judgment became final.  ECF No. 11 at 3; ECF No. 13 at 1.  The parties also agree that,

19  absent any statutory or equitable tolling, the statute of limitations expired one year later on

20  December 20, 2012.  ECF No. 11 at 3; ECF No. 13 at 3.  The instant petition was filed on

21  February 19, 2014.  ECF No. 1.  Without statutory or equitable tolling, the petition was filed

22  nearly fourteen months after the statute of limitations expired.

23         A.    <u>Statutory Tolling</u>

24         Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

25  application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

26  § 2244(d)(2).  An application is "properly filed" when its delivery and acceptance are in

27  compliance with the applicable laws and rules governing filings.  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8

28  (2000).  "An untimely petition, however, is not 'properly filed' pursuant to 28 U.S.C. §

1  2244(d)(2), and so it does not toll the statute of limitation." Banjo v. Ayers, 614 F.3d 964, 968

2  (9th Cir. 2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005); Thorson v. Palmer, 479

3  F.3d 643, 645 (9th Cir. 2007)).  "A California court's determination that a filing was untimely . . .

4  is dispositive."  Banjo, 614 F.3d at 968 (citing Carey v. Saffold, 536 U.S. 214, 225-26 (2002)).

5        The "statute of limitations is not tolled from the time a final decision is issued on direct

6  state appeal and the time the first state collateral challenge is filed because there is no case

7  'pending' during that interval."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.1999), overruled

8  on other grounds, Carey, 536 U.S. 214.  State habeas petitions filed after the one-year statute of

9  limitations has expired do not revive the statute of limitations and have no tolling effect.  See

10  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jimenez v. Rice, 276 F.3d 478, 482

11  (9th Cir.2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (petitioner is not entitled to

12  tolling where the limitations period has already run).

13        Respondent initially argues that the Superior Court Petition was filed December 24, 2012

14  (ECF No. 11 at 4), the date it was filed by the Superior Court (Lodged Doc. No. 5 at 1).

15  Respondent later assumes, without conceding, that under the prison mailbox rule it was filed

16  December 19, 2012 (ECF No. 16 at 2), the date it was signed (Lodged Doc. No. 5 at 6).  Since

17  respondent offers no evidence that the Superior Court Petition was not delivered to prison

18  officials for mailing on December 19, 2012, the court will consider the date the petition was

19  signed to be the date of filing.  See Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003)

20  (date petition is signed may be considered earliest possible date an inmate could submit his

21  petition to prison authorities for filing under the mailbox rule), overruled on other grounds, Pace

22  v. DiGuglielmo, 544 U.S. 408 (2005); see also Lewis v. Mitchell, 173 F.Supp.2d 1057, 1059 n. 1

23  (C.D. Cal. 2001) (delivery for purposes of constructive filing under the prison mailbox rule is

24  presumed to be on the date of signing of the petition, absent evidence to the contrary) (citations

25  omitted).

26        Since the Superior Court Petition was filed on December 19, 2012, it was filed the day

27  before the statute of limitations expired.  However, on May 16, 2013, the Superior Court denied

28  the petition as untimely and on the merits, in an eight page written order.  Lodged Doc. No. 6.  If

1  a state court rules that a petition is untimely, that is "the end of the matter," regardless of whether

2  the state court also addressed the merits of the claims or whether the timeliness ruling was

3  "entangled" with the merits.  Pace, 544 U.S. at 413-14 (citing Carey, 536 U.S. at 225-26).

4  Therefore, even though the state court addressed the merits of the Superior Court Petition, the

5  ruling that it was untimely means it was not "properly filed."

6        Because it is clear that petitioner's first state habeas petition was denied as untimely, the

7  summary denials of petitioner's subsequently-filed state habeas petitions are similarly construed.

8  See Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991) (this court must "look through" the silent

9  denial to the last reasoned state court decision).  Application of the look-through presumption

10  compels the conclusion that all three state courts found that petitioner had waited too long to seek

11  collateral relief.  Accordingly, none of petitioner's habeas petitions were "properly filed" and

12  none of them served to statutorily toll AEDPA's limitation period.  See 28 U.S.C. § 2244(d)(2)

13  (statutory tolling authorized only during the pendency of "a properly filed" application for state

14  court review); Artuz, 531 U.S. at 8 (a state petition is "properly filed," and qualifies for statutory

15  tolling only if "its delivery and acceptance are in compliance with the applicable laws and rules

16  governing filings"); Pace, 544 U.S. at 417 (time limits are "filing conditions," and a state court's

17  rejection of a petition as untimely means that it was not "properly filed" and not entitled to

18  statutory tolling under § 2244(d)(2)).

19        Petitioner also argues that because California does not have specific filing timelines for

20  non-death habeas petitions, the denial of his Superior Court Petition as untimely is not sufficient

21  to bar his federal petition as untimely.  ECF No. 13 at 3-5.  To the extent petitioner is trying to

22  raise an adequacy argument related to procedural bars, "the adequacy analysis used to decide

23  procedural default issues is inapplicable to the issue of whether a state petition was 'properly

24  filed' for purposes of section 2244(d)(2)" and his reliance on these arguments is misplaced.

25  White v. Martel, 601 F.3d 882, 884 (9th Cir. 2010) (citing Zepeda v. Walker, 581 F.3d 1013,

26  1018 (9th Cir.2009)).

27        For these reasons, there is no basis for statutory tolling of the statute of limitations in this

28  case.

B.     Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  See Holland v. Florida, 560 U.S. 631, 649 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).  An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  See Holland, 560 U.S. at 653; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

Under extraordinary circumstances, counsel's malfeasance may support equitable tolling. Holland, 560 U.S. at 652-53 (equitable tolling may be appropriate where post-conviction counsel effectively abandoned client); Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (statute of limitations equitably tolled where attorney was retained to prepare and file a habeas petition for incarcerated inmate, failed to do so, and then disregarded requests to return files pertaining to the case until well after the petition was due).

In this case, petitioner alleges that the period during which trial counsel refused to turn over "critical records" was an extraordinary circumstance beyond his control that justifies equitable tolling.  ECF No. 13 at 5-6.  Petitioner alleges that trial counsel refused to turn over unspecified "critical records" and that when they were eventually turned over they were not redacted as required and he had to have an attorney friend complete the redaction.  Id. at 5.  He fails to identify when he requested his files from trial counsel, what attempts he made to obtain the files, or how long his friend had the records for purposes of redacting them.  ECF No. 13 at 5-6.  However, according to the Superior Court Petition, petitioner received the redacted records sometime in July 2012, Lodged Doc. No. 5 at 6 and Exhibit B, meaning he had the records between four and five months prior to the expiration of the statute of limitations.  Simple delay in counsel's provision of the files falls well below the standard of egregious attorney conduct that is necessary to constitute an "extraordinary circumstance" supporting tolling under Holland and progeny.  The facts presented here do not support tolling.

1    Furthermore, as respondent points out, even if petitioner were granted equitable tolling for

2    the period of time he was without his records, he would only be entitled to tolling for a period of

3    approximately seven months.[2]  ECF No. 16 at 5-6.  Because petitioner is not entitled to statutory

4    tolling, the instant petition was filed nearly fourteen months after the statute of limitations

5    expired.[3]  Even with equitable tolling, the petition is approximately seven months late.  The court

6    therefore finds that even assuming equitable tolling is appropriate, it is not enough to save

7    petitioner's federal habeas petition from being untimely filed.

8    To the extent that petitioner seeks equitable tolling because there is no specific deadline

9    for filing a state habeas petition in California (ECF No. 13 at 3-5), that argument is foreclosed by

10   Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003).  In Ferguson, the Ninth Circuit held

11   that "AEDPA's one-year statute of limitations, even if in tension with a longer state statute of

12   limitations, does not render federal habeas an inadequate or ineffective remedy" so as to violate

13   the Suspension Clause.  The fact that California state law provides no specific statute of

14   limitations does not change the fact that Congress has set a one-year statute of limitations on the

15   filing of federal habeas corpus petitions.  See 28 U.S.C. § 2244(d)(1).  Therefore, petitioner is not

16   entitled to equitable tolling on these grounds and the instant habeas petition remains barred by the

17   statute of limitations.

18   For these reasons petitioner is not entitled to equitable tolling -- and even if he was, his

19   petition would still be untimely.

20   VI.    Conclusion

21   Because petitioner is not entitled to statutory or equitable tolling, his petition was filed

22   outside the statute of limitations and it is recommended that the motion to dismiss be granted.

23   VII.   Certificate of Appealability

24   Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must

25
26   [2]  The tolling period would run from December 20, 2011, when the statute of limitations began to
     run until sometime in July 2012, when petitioner allegedly received the "critical records."  ECF
     No. 16 at 5-6; Lodged Doc. No. 5 at 6.

27   [3]  The parties agree that, absent any statutory or equitable tolling, the statute of limitations expired
     on December 20, 2012.  ECF No. 11 at 3; ECF No. 13 at 3.  The instant petition was filed on
28   February 19, 2014.  ECF No. 1.

1    issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A

2    certificate of appealability may issue only "if the applicant has made a substantial showing of the

3    denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these

4    findings and recommendations, a substantial showing of the denial of a constitutional right has

5    not been made in this case. Therefore, no certificate of appealability should issue.

6           Accordingly, IT IS HEREBY RECOMMENDED that:

7           1. Respondent's motion to dismiss (ECF No. 11) be granted and petitioner's application

8    for a writ of habeas corpus be denied as untimely.

9           2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. §

10   2253.

11          These findings and recommendations are submitted to the United States District Judge

12   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

13   after being served with these findings and recommendations, any party may file written

14   objections with the court and serve a copy on all parties. Such a document should be captioned

15   "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

16   objections shall be filed and served within fourteen days after service of the objections. The

17   parties are advised that failure to file objections within the specified time may waive the right to

18   appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19   DATED: February 23, 2015

20

21                                  ALLISON CLAIRE
                                    UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28